[No. 25735. Department Two. July 23, 1935.]

THE STATE OF WASHINGTON, *on the Relation of E. K. Murray, Plaintiff*, v. CLIFF YELLE, *as State Auditor, Respondent.*[1]

*E. K. Murray*, for relator.

*The Attorney General* and *W. A. Toner, Assistant*, for respondent.

MITCHELL, J.—This is an original application in this court, on the relation of E. K. Murray, for a writ of mandate against Cliff Yelle as state auditor.

In substance, the complaint alleges that relator, from January 17, 1933, to and including April 14, 1935, was director of public works (name of office changed to director of public service by the 1935 legislature) at a salary fixed by the governor of five hundred dollars per month, pursuant to the provisions of § 21,

[1]Reported in 47 P. (2d) 1034.

chapter 7, Laws of 1921, p. 18, Rem. Rev. Stat., § 10779 [P. C. § 4-21]. That respondent is the state auditor, charged with the duty of drawing warrants upon the state treasurer in cases of salaries due to persons from the state. That relator resigned the position of such director, effective April 15, 1935, and duly presented his claim to respondent for salary in the sum of $233.33, for fourteen days at the rate of five hundred dollars per month, and requested respondent to issue a warrant to the relator, as provided by law. That respondent refused to issue a warrant for that amount, claiming that the salary for the position is fixed at not to exceed $333.33 per month by the provisions of § 2, chapter 176, Laws of 1935, p. 647.

It is further alleged that the provisions of § 2, chapter 176, Laws of 1935, p. 647, limiting the salary of such director, and other directors of the state, to not to exceed four thousand dollars per annum,

". . . are null and void for the reason that the subject thereof is not expressed in the title of said Chapter 176 (which purports to amend only Sections 2 and 3 of Chapter 7, Laws of 1921, and not Section 21 of said Chapter 7, Laws of 1921, and other sections relating to salary of the Director of Public Works (or Director of Public Service) and other directors as required by provisions of Article 2, Section 19 of the State Constitution, and for the further reason that said provisions purport to revise and amend said Chapter 7, Laws of 1921 and Sections 21 and other sections thereof relating to the salary of Director of Public Works (or Director of Public Service) and other directors and do not set forth as revised and amended said Chapter 7 and said Section 21 and other sections as required by Article 2, Section 37 of the State Constitution."

First, considering these objections in their inverse order, it appears that § 2 of the present act does not purport to *amend* § 21, chapter 7, Laws of 1921,

p. 18, nor any other section of that act relating to the salary of the director of public works, so as to require setting forth the chapter or any of its sections, pursuant to Article 2, § 37 of the state constitution. The legislative procedure by which the change relator complains of was made was accomplished by primary rather than amendatory enactment.

Chapter 7, Laws of 1921, p. 12, was designated "Administrative Code." Section 18 of it, the same being Rem. Rev. Stat., § 10776 [P. C. § 4-18], provides, among other things, that the directors of the departments of state government created by the act shall "receive such annual salaries payable in equal monthly installments, as the governor shall fix, not to exceed the sums provided by this act." Section 21 of the act, Rem. Rev. Stat., § 10779 [P. C. § 4-21], provides, among other things, that "the director of public works . . . shall receive a salary of not to exceed six thousand dollars per annum, . . . " Accordingly, the governor fixed the salary of the director of public works at five hundred dollars per month, which continued until the change, now complained of, was made by chapter 176, Laws of 1935, p. 647. Chapter 176, Laws of 1935, p. 647, consists, first, of two amendatory sections, and then more than twenty sections in the form of original, separate and independent provisions pertinent to the general subject-matter of the administrative code.

Section 3 of the administrative code, Rem. Rev. Stat., § 10761, reads as follows:

"There shall be a chief executive officer of each of the departments of the state government created by this act, to be known respectively as (1) the director of public works, (2) the director of business control, (3) the director of efficiency, (4) the director of health, (5) the director of conservation and development, (6) the director of labor and industries, (7) the director of ag-

riculture, (8) the director of licenses, (9) the director of fisheries and game, and (10) the director of highways; who shall be appointed by the governor with the consent of the senate, and hold office at the pleasure of the governor: . . ."

Section 2 of the present act, chapter 176, Laws of 1935, p. 647, here complained of, purports to amend § 3 of the administrative code, as follows:

"Sec. 2. That section 3, chapter 7, Laws of 1921, as amended by chapter 18, Laws of 1925, chapter 270, Laws of 1927, chapter 115, Laws of 1929, and chapter 3, Laws of 1933 (sec. 10761, Rem. Rev. Stat.) be amended to read as follows:

"Section 3. There shall be a chief executive officer of each of the departments of the state government created by this act, to be known respectively as (1) *the director of public service,* (2) *the director of public welfare,* (3) *the director of finance, budget and business,* (4) the director of health, (5) the director of conservation and development, (6) the director of labor and industries, (7) the director of agriculture, (8) the director of licenses, (9) *the director of fisheries,* (10) *the director of game,* and (11) the director of highways; who, unless otherwise hereinafter specifically provided, shall be appointed by the governor, with the consent of the senate, and hold office at the pleasure of the governor: . . ." [Rem. 1935 Sup., § 10761.]

It will be noticed that the manifest purpose of the amendment was only to change the official names of some of the directors and increase the total number of them to eleven instead of ten as formerly.

Then follows an unnumbered paragraph, which effects the change relator erroneously charges against § 2 of the act, which clearly appears to be independent, complete and easily separable from the amendatory provision just preceding it, and is as follows:

"The director of public service, the director of public welfare, the director of finance, budget and business, the director of health, the director of conserva-

tion and development, the director of labor and industries, the director of agriculture, the director of licenses, the director of fisheries, and the director of highways shall each receive a salary of not to exceed four thousand dollars ($4,000) per annum.''

On the face of the several sections, the old and the new, this unnumbered section is no more amendatory than any one or more of the twenty-four succeeding sections that are numbered. It is not related to the official titles, nor to the number of executive officers created by the administrative code. It is clearly of original, primary character, and intended as such.

This unnumbered section must not be declared invalid because of some possible construction, referable only to the order or arrangement of the several sections. The rule is the other way. The construction of a statute, with respect to its validity under the constitution, must be reasonable, pursuant to which rule we have no hesitancy in holding that the legislature added this unnumbered section by way of original enactment, rather than by way of intention or attempt at amendment.

Thus considered, that is, as an original enactment, the subject is well within the title and complies with Article 2, § 19 of the state constitution, which provides that the subject of the bill shall be expressed ''in its title.''

The title of this act is:

''An Act *relating to, and to promote efficiency, order and economy in the administration of the government of the state, prescribing the powers and duties of certain officers and departments,* creating the department of public welfare and the department of finance, budget and business and the office of director of public welfare, and director of finance, budget and business and certain other offices connected therewith, abolishing the emergency relief administration, department of efficiency and department of business con-

trol, accepting the provisions of Federal legislation for old-age assistance and for aid in promoting child welfare, amending sections 2 and 3, chapter 7, Laws of 1921, as amended by chapter 18, Laws of 1925, chapter 270, Laws of 1927, chapter 115, Laws of 1929, and chapter 3, Laws of 1933 (secs. 10760 and 10761, Rem. Rev. Stat.), and declaring that the act shall take effect April 1, 1935.''

The portion we have italicized is precisely the same as language found in the title given to the administrative code enacted in 1921, which covered the same subject-matter of salaries as that now objected to in the present act, and which language is clearly sufficient, assuming the text in the unnumbered section is not amendatory in character, which, we have seen, is the case.

The unnumbered section is not a part of amendatory § 2 of the act, and, as the same appears in the act, it does not violate either provision of the constitution cited by the relator.

Writ denied.

BLAKE, HOLCOMB, STEINERT, and BEALS, JJ., concur.